IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.:   4:12cr33/RH/GRJ
   4:16cv235/RH/GRJ

JOHNNY DWAYNE DAVIS,

   Petitioner.

---

# REPORT AND RECOMMENDATION

Petitioner Johnny Dwayne Davis has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  (ECF No. 86.)  The case was stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).  After the *Beckles* decision was issued, the Government filed a response in opposition.  (ECF No. 101.)  Petitioner did not file a reply.  After a review of the record, the Court concludes that the motion is untimely and that it should be dismissed.

## BACKGROUND and ANALYSIS

In October of 2012, Petitioner pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)

(count one); unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (count three); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count four). (ECF Nos. 40, 42.) He was classified as a career criminal in his Presentence Investigation Report ("PSR") because he had at least two other prior felony convictions for either a crime of violence or controlled substance offense, including a 1999 robbery with a firearm conviction and a 2006 felony fleeing and eluding police conviction. (ECF No. 54, PSR ¶¶ 32, 42, 46.) On March 11, 2013, Petitioner was sentenced to 202 months' imprisonment on count one and 120 months' on count three, to run concurrently, and to 60 months' imprisonment on count four, to run consecutively to counts one and three, for a combined total of 262 months', followed by a total of six (6) years of supervised release. (ECF Nos. 65, 66.) Petitioner did not appeal, and he filed nothing further until filing the instant motion to vacate. Because Petitioner did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the entry of the judgment in this case. *See* Fed.R.App.P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United*

*States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Petitioner's judgment of conviction became final on March 25, 2013, and to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by March 25, 2014. Therefore, his motion, dated April 13, 2106, and received by the clerk on April 18, 2016 is facially untimely.[1]

The court will address Petitioner's motion to the extent necessary to explain why *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not make his motion timely. Petitioner claims that the imposition of the career offender enhancement to his sentence violates due process because his convictions no longer qualify as crimes of violence after *Johnson*. (ECF

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 4:12cr33/RH/GRJ; 4:16cv235/RH/GRJ

No. 86 at 4-6.)   In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's, ("ACCA") "residual clause" was unconstitutionally vague.   Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   The Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on

collateral review.    *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Petitioner acknowledges that he was sentenced as a career offender under the Sentencing Guidelines, not under the ACCA, but argues that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the Guidelines' definition of a "crime of violence."    *See* U.S.S.G. § 4B1.2(a).    However, the Government responds correctly that Petitioner's claim is foreclosed by the Supreme Court's recent decision in *Beckles*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."    *Id.* at 892; (ECF No. 101 at 4-5.) The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."    *Id.* at 894.    *See also United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (holding that *Johnson*

does not apply to the advisory Sentencing Guidelines and that the Guidelines are not subject to a similar vagueness challenge).

## CONCLUSION

Because *Johnson* does not apply to Petitioner's career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (ECF No. 86), should be **DISMISSED as untimely.**

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of August, 2017.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:12cr33/RH/GRJ; 4:16cv235/RH/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr33/RH/GRJ; 4:16cv235/RH/GRJ